Rarely can ineffective assistance of trial counsel be portrayed in a direct appeal, where the record has not been made up on that issue. This case is a good example of that principle. Although Singletary's trial counsel did not prosecute his motion to withdraw his plea, his trial counsel may have had impeccable reasons for declining to do so. If, for example, Singletary's trial counsel knew, from having talked to his client, that Singletary intended to make false representations of fact in support of his motion to withdraw his plea, it would have been a violation of Disciplinary Rules 7-102(A)(4), (5), (6) or (7) of the Code of Professional Responsibility for him to have participated therein. Obviously, the record of the hearing on Singletary's motion to withdraw his plea cannot be expected to shed light upon the nature of his privileged communications with his attorney.
A hearing upon a petition for post-conviction relief is almost always the only proper forum in which to test a claim of ineffective assistance of trial counsel. At a hearing upon a petition for post-conviction relief, in which ineffective assistance of trial counsel is claimed, both the defendant and the State can make appropriate inquiry into those matters that were known to trial counsel, which is essential in determining whether trial counsel's representation was constitutionally ineffective.
Because, in my view, Singletary's claim of ineffective assistance of trial counsel cannot be determined from this record, I join in overruling his assignments of error and affirming his conviction and sentence.
Copies mailed to:
Andrew T. French
William R. Ary
Hon. John W. Kessler